# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ALBERT E. NORTON, JR.,**

      **Plaintiff,**           **CIVIL ACTION NO. 04-CV-40376-FL**

      vs.                             **DISTRICT JUDGE PAUL D. GADOLA**

**HAMILTON BEACH/PROCTOR-**     **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SILEX, INC.,**

      **Defendant.**
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT

Plaintiff filed this suit against Defendant in the Circuit Court for Oakland County, Michigan on December 1, 2004. Defendant filed a notice of removal of the case to the Eastern District of Michigan on December 27, 2004. The Plaintiff, Albert E. Norton Junior, died on February 13, 2005. Plaintiff's Motion to Amend Complaint seeks to substitute the personal representative of Mr. Norton's estate, Albert E. Norton III, for the deceased Plaintiff.

The first suggestion of death was filed on April 15, 2005. Mr. Norton's estate, however, was not opened until July 1, 2005. Plaintiff filed the instant motion to Amend on July 21, 2005, styling his motion as a motion to amend under Fed. R. Civ. P. 15(a). On July 26, 2005, Judge Gadola referred the instant motion to the undersigned for hearing and determination. Defendant filed its response to Plaintiff's Motion to Extend on August 2, 2005, arguing that Plaintiff's motion is properly analyzed as a motion for substitution due to death governed by Fed. R. Civ. P. 25, not Fed. R. Civ. P. 15, and that Plaintiff's Motion was not a timely filed motion for substitution. Plaintiff filed his reply on August 15, 2005, conceding that Fed. R. Civ. P. 25 applies, but arguing that the

Court should allow an extension of time under Fed. R. Civ. P. 6(b) and allow the substitution.

On August 31, 2005, the parties presented oral argument on the instant motion and another motion referred to the undersigned. At oral argument, Defendant requested that it be allowed to present a supplemental brief on the Rule 6(b) argument raised for the first time in Plaintiff's reply brief. Defendant filed a supplemental brief on September 13, 2005.

**Analysis**

The parties do not dispute that Plaintiff filed his motion to amend complaint 97 days after the suggestion of death.

> Fed. R. Civ. P. 25 provides:
>
>> If a party dies and the claim is not thereby extinguished, the court may order substitution of the parties. . . . Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death . . . the action shall be dismissed as to the deceased party.
>
> However,
>
>> While couched in mandatory terms, the Advisory Committee Notes to Rule 25 indicate that the 90-day requirement may be extended by Federal Rule of Civil Procedure 6(b). Rule 6(b)(2) states that a district court "'for cause shown' may at any time in its discretion ... upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.... " [T]he history of Rule 25(a) and Rule 6(b) makes it clear that the 90 day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted." *Tatterson v. Koppers Co.*, 104 F.R.D. 19, 20 (W.D.Pa.1984).

*Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993).

Defendant argues that the Court has no discretion to grant Plaintiff's motion because it was styled as a motion to amend under Fed. R. Civ. P. 15, and failed to reference Fed. R. Civ. P. 6(b) or

25. In support, Defendant cites *Lujan v. National Wildige Federation*, 497 U.S. 871, 897 (1990), in which the Supreme Court found that a District Court's failure to construe a footnote on the eighteenth page of a 20 page memorandum of law as a motion for extension under Fed. R. Civ. P. 6(b) was not reversible error. Not only did the *Lujan* Court not decide the limits of a District Court's discretionary authority, it positively indicated that an improperly styled motion could be permissibly treated as a motion for extension under Fed. R. Civ. P. 6 if it "[put] the opposing party on notice that a motion is at issue and that he therefore ought to respond." *Id.*

In this case, Defendant has had the opportunity to fully brief any issues arising out of Fed. R. Civ. P. 6 and 25, and has capably done so. The Court therefore chooses to exercise its discretion to treat Plaintiff's Motion as a Motion for Extension of Time under Fed. R. Civ. P. 6(b).

However, the Court may only grant Plaintiff's Motion if it determines that Plaintiff's failure to act within 90 days of the suggestion of death was the result of excusable neglect. On July 15, 2005, two days before the 90 day time period expired, Plaintiff's counsel contacted an associate at Defendant's law firm regarding his proposed stipulation to file an amended complaint to substitute the new party. The associate indicated that she did not think entering the stipulation would be "a problem," but that she would get back to Plaintiff. Defendant's counsel did contacted Plaintiff on July 18, 2005, after the 90 day period had expired and informed Plaintiff that a stipulation would not be possible. Plaintiff filed the instant motion three days later, on July 21, 2005, 97 days after the suggestion of death.

The Court finds that Plaintiff's failure to file a motion for extension of time within the 90 day period is the result of excusable neglect because Defendant represented that it would probably stipulate to substitution, then waited until after the period for substitution by motion had lapsed to

3

declare that it would not stipulate after all.

This Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Substitution is **GRANTED.**


Dated: October 10, 2005　　　　　　　　　　　s/ Mona K. Majzoub
　　　　　　　　　　　　　　　　　　　　　　MONA K. MAJZOUB
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE


### Proof of Service

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: October 10, 2005　　　　　　　　　　　s/ Lisa C. Bartlett
　　　　　　　　　　　　　　　　　　　　　　Courtroom Deputy