# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ALBERT E. NORTON, JR.,**

      **Plaintiff,**             **CIVIL ACTION NO. 04-CV-40376-FL**

    **vs.**                               **DISTRICT JUDGE PAUL D. GADOLA**

**HAMILTON BEACH/PROCTOR-**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SILEX, INC.,**
                                   /
      **Defendant.**

## ORDER GRANTING AUTO CLUB GROUP INSURANCE COMPANY'S UNOPPOSED MOTION TO INTERVENE

Plaintiff originally filed his Complaint in the Circuit Court for the County of Oakland, Michigan on December 1, 2004 alleging that on January 23, 2004 he sustained personal injuries from a fire caused by a defective toaster manufactured by the Defendant. On December 27, 2004 Defendant filed a Notice of Removal of the case to the Eastern District of Michigan. Auto Club Group Insurance Company then filed the instant Motion to Intervene on October 31, 2005.

At the time of the fire, Plaintiff had property insurance through the Auto Club Group Insurance Company ("Auto Club"). Plaintiff filed a property damage claim against Auto Club, which although not fully resolved, has paid more than one hundred thousand dollars to Plaintiff. Auto Club has been subrogated to Plaintiff's property damage claims resulting from the fire. Mich. Comp. Laws Ann. § 500.2833r (2002).

A party may intervene as of right where: (1) it claims "an interest relating to the . . . transaction which is the subject of the action, (2) disposition of the action may impair or impede the intervening party's ability to protect its interest, and (3) the intervening party's interest is not

adequately represented by the existing parties.  Fed. R. Civ. P. 24 (a).

This Court finds that Auto Club is entitled to intervene as of right under Fed. R. Civ. P. 24(a).  Plaintiff's claim for damages against Defendant and any property claim by Auto Club against Defendant arise contemporaneously out of "the subject of the action" which is the January 23, 2004 fire.  A judgment or settlement between the existing parties in this case could affect Auto Club's subrogated rights.  Finally, Auto Club's interests are not now adequately represented by Plaintiff, as Plaintiff's complaint does not contain a claim for property damage arising from the fire.

Auto Club's unopposed Motion to Intervene is therefore **GRANTED**.

Dated: November 14, 2005						s/ Mona K. Majzoub
									MONA K. MAJZOUB
									UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: November 14, 2005						s/ Lisa C. Bartlett
									Courtroom Deputy