# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**ALBERT E. NORTON, JR., et al.,**

      **Plaintiffs,**         **CIVIL ACTION NO. 04-CV-40376-FL**

    **vs.**              **DISTRICT JUDGE PAUL D. GADOLA**

**HAMILTON BEACH/PROCTOR-**    **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SILEX, INC.,**

      **Defendant.**
_____/

---

# AMENDED ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT GRANTING PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY AND DISPOSITIVE MOTION FILING DEADLINES

Plaintiff originally filed this suit in the Circuit Court for the County of Oakland, Michigan on December 1, 2004. On December 27, 2004 Defendant filed a notice of removal to this Court. On September 21, 2005 this Court entered an order extending the scheduling deadlines and specifically extended the discovery cut-off to December 30, 2005. On November 14, 2005 this Court entered an order allowing Auto Club Insurance Group Co. ("Auto Club") to intervene as a Plaintiff. Plaintiff Auto Club filed its Intervening Complaint on December 2, 2005. The last scheduling order issued by this Court extended discovery to December 30, 2005 and required dispositive motions to be filed by January 31, 2006.

Plaintiffs filed a Motion to Amend Complaint on December 5, 2005 and a Motion to Extend Discovery and Dispositive Motion Filing Deadlines on December 28, 2005. Both motions have been fully briefed by the parties and referred to the undersigned for determination. The Court is dispensing with oral argument pursuant to E.D. Mich. LR 7.1(e). *See generally In re Texas Bumper Exchange,*

*Inc. v. Veliz*, 2005 Bankr. LEXIS 1936 (Bankr W.D. Texas 2005) (holding that Fed. R. Civ. P. 37(a) "does not by its terms require that there be a hearing on a party's application for an order compelling discovery – only that there be reasonable notice.").

**Plaintiffs' Motion For Extension of Discovery and Dispositive Motion Filing Deadlines**

Plaintiffs seek an extension of the discovery deadline to allow for destructive testing of the allegedly defective toaster at issue in this case.  Discovery has closed and dispositive motions are currently due on January 21, 2006.   Fed. R. Civ. P. 16 provides that a scheduling order may be modified upon a showing of good cause.

The parties do not dispute that the findings from destructive testing of the subject toaster may provide valuable evidence regarding the proximate cause of Plaintiffs' injuries.  Plaintiffs and Defendant also appear to agree that destructive testing must occur  in the presence of experts from all parties.  Plaintiffs further aver that they proposed conducting destructive examination of the toaster on any of thirteen dates within the Court's discovery deadline, but that Plaintiffs and Defendant could not agree on a date when all of the parties' experts would be available.  Moreover, Auto Club has only been a Plaintiff in this case since early December 2005, and it must be accorded adequate time to prepare its case.

Defendant points out that this Court has previously expressed some dissatisfaction with Plaintiffs' failure to timely respond to several of Defendant's discovery requests.  However, Plaintiffs appear to have taken reasonable steps to arrange a date for destructive testing of the toaster within the Court's scheduling order.  Plaintiffs have shown sufficiently good cause for requesting an extension of the discovery period.  The Court further finds that also good cause exists to extend the dispositive motion filing deadline to allow the inclusion of newly discovered facts.  Plaintiffs' Motion for extension of deadlines is therefore **GRANTED**.  The parties will arrange for and

complete destructive testing of the toaster manufactured by Defendant on or before **March 29, 2006**. The Plaintiffs' expert reports are due on or before **April 24, 2006.** Defendant's expert reports are due on or before **May 8, 2006.** Dispositive motions will be filed on or before **June 5, 2006.** The remaining deadlines in this case should also be extended, and the undersigned anticipates that the District Judge will issue an Amended Scheduling Order to extend those deadlines.

**Plaintiffs' Motion for Leave to Amend**

Plaintiff seeks to amend his complaint to add a cause of action for wrongful death. Fed. R. Civ. P. 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." Defendant argues that Plaintiffs' motion should be denied because it has been filed after undue delay. Defendant claims that allowing an amendment now would unfairly prevent it from fairly preparing a defense against the new claim. The Court finds Defendant's argument unpersuasive. The new cause of action is closely related to Plaintiffs' pre-existing claims. More importantly, several of the deadlines in this case should be extended to allow for full and fair discovery regarding Plaintiffs' pre-existing claims. Defendant can take advantage of this additional time to prepare a defense to Plaintiffs' claims. Defendant will suffer no prejudice from the amendment, and Plaintiff's Motion for Leave to Amend is therefore **GRANTED**.

**IT IS SO ORDERED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: March 15, 2005

s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: March 15, 2006                    s/ Lisa C. Bartlett_____
                                         Courtroom Deputy