UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERT E. NORTON, III ET AL.

        Plaintiffs,                CIVIL ACTION NO. 04-CV-40376-DT

    vs.

                                DISTRICT JUDGE PAUL V. GADOLA

HAMILTON BEACH/PROCTOR-      MAGISTRATE JUDGE MONA K. MAJZOUB
SILEX, INC.,

        Defendant.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S SECOND MOTION TO COMPEL DISCOVERY (DOCKET # 81)

**I.    PROCEDURAL HISTORY**

On August 2, 2006 Defendant in the instant action filed a Second Motion to Compel Discovery (Docket # 81), to which Plaintiff Norton responded. District Court Judge Paul V. Gadola referred this motion to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). The parties appeared through counsel for oral arguments on September 13, 2006. This motion is now before this Court.

**II.    ANALYSIS**

In its motion, Defendant seeks responses from Plaintiff Norton to its Requests for Supplementation to its First Set of Interrogatories, its Second Set of Interrogatories and its Second Request for Production of Documents dated May 5, 2005. Defendant also seeks an order compelling Plaintiff Norton to appear for his deposition. Defendant further asks

this Court to impose sanctions for the reasonable costs and attorneys' fees incurred in relation to the instant motion to compel discovery.  Based upon the parties' pleadings and oral arguments, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Compel Discovery (Docket # 81) in a manner consistent with the following discussion.

### A.      Defendant's First Set of Interrogatories Numbers 17, 18, 19 and 20

Defendant asks that Plaintiff Norton be compelled to supplement his responses to its First Set of Interrogatories numbers 17, 18, 19 and 20.  Plaintiff Norton conceded at the September 13, 2006 hearing that although he has not respond to Defendant's Request for Supplementation, he has no objection to providing such responses.  Plaintiff Norton is therefore **ORDERED** to fully and completely respond and answer to Defendant's First Set of Interrogatories numbers 17, 18, 19 and 20 **on or before September 20, 2006**.

### B.      Defendant's Second Set of Interrogatories Numbers 36 - 47

Defendant also seeks an order to compel responses to its Second Set of Interrogatories numbers 36 through 47.  Plaintiff Norton objected to these Interrogatories as being irrelevant, overly broad and unduly burdensome.  Nevertheless, Plaintiff Norton informed the Court at the September 13, 2006 hearing that he was willing to respond to Defendant's Second Set of Interrogatories despite his objections.

#### 1.      Interrogatories Numbers 36 - 40 and 42 - 47

The Court finds that Defendant's Interrogatories numbers 36 through 40 and 42 through 47 are relevant to Plaintiff's claim for damages for wrongful death and are not overly broad or unduly burdensome.  The Court therefore **ORDERS** Plaintiff Norton to respond to Defendant's Second Set of Interrogatories numbers 36, 37, 38, 39, 40, 42, 43,

44, 45, 46 and 47 **on or before September 20, 2006**.

### 2. Interrogatory Number 41

The Court finds that Defendant's Interrogatory number 41 is overly broad and unduly burdensome. Defense counsel also conceded that Interrogatory number 41 is duplicative of its other Interrogatories to which Plaintiff Norton has herein been ordered to respond. Therefore, the Court sustains Plaintiff Norton's objection to Interrogatory number 41 and no response is required.

### C. Defendant's Second Request for Production of Documents Numbers 24, 25, 26 and 27

Defendant similarly asks this Court to compel Plaintiff Norton to respond to its Second Request for Production of Documents numbers 24, 25, 26 and 27. Plaintiff Norton filed written objections to these Requests.

### 1. Request Numbers 24, 25 and 26

The Court finds that Defendant's Request for Production of Documents numbers 24, 25 and 26 seek relevant, non-privileged information likely to lead to admissible evidence, and are not duplicative of previous discovery. The Court therefore **ORDERS** Plaintiff Norton to fully and completely respond to Defendant's Request for Production of Documents numbers 24, 25 and 26 **on or before September 20, 2006**.

### 2. Request Number 27

The Court has reviewed Defendant's Request for Production of Documents number 27 and finds that it is non-specific and vague. The Court therefore sustains Plaintiff Norton's objection to Request for Production of Documents number 27 and Plaintiff Norton need not file a response.

### D. Plaintiff Norton's Deposition

Defendant further seeks an order compelling the deposition of Plaintiff Norton, to which Plaintiff Norton does not object. The Court therefore **ORDERS** that Plaintiff Norton be deposed **on September 27, 2006 at 1:00 p.m. at the office of Plaintiff's counsel, Rick Patterson,** and that Defendant shall properly notice Plaintiff Norton's deposition for said time and place.

### E. Defendant's Motion for Sanctions

Defendant also moves for sanctions against Plaintiff under Rule 37 of the Federal Rules of Civil Procedure. The Court, in its discretion, concludes that the facts presented on the record do not warrant the imposition of sanctions against Plaintiff at this time. Accordingly, Defendant's motion for sanctions is **DENIED.**

**IT IS SO ORDERED.**

### V. Notice to the Parties

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: September 14, 2006        s/ Mona K. Majzoub
                                 **MONA K. MAJZOUB**
                                 **UNITED STATES MAGISTRATE JUDGE**

## **Proof of Service**

    I hereby certify that a copy of this order was served upon Counsel of Record on this date.

Dated: September 14, 2006          s/ Lisa C. Bartlett
                                               **Courtroom Deputy**